# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**DIANNE J. MORRIS, et al.**                                          **PLAINTIFFS**

**v.**                                          **CIVIL ACTION NO.: 4:07CV153 -SA-EMB**

**P & S TRANSPORTATION, INC., et al.**                                          **DEFENDANTS**

## MEMORANDUM OPINION DENYING REMAND

This cause comes before the Court on the motion of the Plaintiffs to remand this case to the Circuit Court of Washington County. Defendants P&S Transportation and Patrick Peter (used collectively throughout as "P&S Transportation") have responded in opposition to the motion, and the Court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion should be denied.

### *Jurisdiction Dispute*

This action, originally filed by Dianne Morris, Kimberly Hawkins, Gwendolyn Williams (now Gwendolyn White) and Brenda White, was instituted against P&S Transportation, Inc., Patrick Peter, and Mose Bolden, Jr., as a result of a traffic accident on November 26, 2006. In that accident, Bolden was driving a red 1987 Chrysler that was towing a Chevrolet Blazer. Anthony Williams, Gwendolyn White and two minor children, Treytarius and Carvokia Townsend, were passengers in the Chevrolet Blazer. According to the complaint filed on January 18, 2007, Patrick Peter, driving an eighteen-wheeler owned and managed by P&S Transportation, rear-ended the Chevrolet Blazer, causing the bumper of the red 1987 Chrysler and the Chevrolet Blazer upon which the towing chain was attached, to be torn away. Moreover, the force of the collision caused the red 1987 Chrysler to

veer across the median into the eastbound lane of travel. Once in that lane, the red Chrysler was hit by a Ford Explorer, driven by Dianne Morris, an original plaintiff in the state court action.

The suit was originally brought in the Circuit Court of Washington County, Mississippi. The parties are non-diverse, as all the Plaintiffs and Defendant Mose Bolden, Jr., are residents of Mississippi. P&S Transportation and Patrick Peter are domiciled in Alabama and Louisiana, respectively. Upon settlement between Dianne Morris, Kimberly Hawkins, P&S Transportation, and Patrick Peter, a stipulation of dismissal was entered excusing all defendants from liability as to those two plaintiffs. This filing, together with the depositions of the remaining Plaintiffs, caused Defendant P&S Transportation and Patrick Peter to file a notice of removal, alleging that a cause of action could not be maintained against Bolden. They additionally requested that Bolden be dismissed from the lawsuit, so that all parties would then be diverse, and the federal courts would have subject matter jurisdiction of the action. The remaining Plaintiffs filed a motion to remand alleging that because Bolden did not join P&S Transportation, Inc., and Patrick Peter's notice of removal, the cause must be remanded.

The courts have interpreted 28 U.S.C. § 1446 as requiring all defendants to join or consent to removal jurisdiction. See Chicago, R.I & P.R. Co. v. Martin, 178 U.S. 245, 20 S. Ct. 854, 44 L. Ed. 1055 (1900); Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assts Local 349, 427 F.2d 325, 326-27 (5th Cir. 1970). However, the Fifth Circuit has found that a defendant's notice of removal did not require consent of a co-defendant or any explanation regarding absence of consent where the defendant alleged that non-diverse co-defendants were improperly joined. Jernigan v. Ashland Oil, Inc., 989 F. 2d 812, 815 (5th Cir. 1993), cert. denied 510 U.S. 868, 114 S. Ct. 192, 126 L. Ed. 2d 150 (1993). Therefore, this Court must determine whether Mose Bolden, Jr., was

improperly joined by the plaintiffs in order to defeat federal jurisdiction.

*Improper Joinder*[1]

The federal courts have not been unaffected by persons seeking to avoid federal jurisdiction by fraudulently joining non-diverse defendants. The doctrine of improper joinder provides a narrow exception to the rule of complete diversity. McDonal, 408 F.3d at 183.  A removing party may show improper joinder of a non-diverse defendant, allowing dismissal of that party and the exercise of federal subject matter jurisdiction pursuant to Title 28 U.S.C. § 1332(a) in either one or two instances: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003). If *any possibility* of recovery against the party whose joinder is questioned exists, the court is bound to remand the action to state court under § 1447(c). Buchner v. F.D.I.C., 981 F.2d 816, 819 (5th Cir. 1993).

The party alleging diversity of citizenship jurisdiction bears the burden of proving that the federal court may exercise jurisdiction. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). The Fifth Circuit recently reaffirmed that it "is insufficient that there be a mere theoretical possibility of recovery," to the contrary, there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." Travis, 326 F.3d at 648 (citing Badon v. R. J. R. Nabisco, Inc., 224 F.3d 382, 386 (5th Cir. 2000)). Moreover, a court may find an improperly joined defendant based on "whether the plaintiff really

---

[1]The Fifth Circuit has adopted the term "improper joinder," rather than "fraudulent joinder," and has stated that while there is no substantive difference between the two terms, the phraseology "improper joinder" is preferred.  McDonal v. Abbott Laboratories, 408 F.3d 177, 180 (5th Cir. 2005).

intended to obtain a judgment against both defendants." <u>Parks v. New York Times Co.</u>, 308 F.3d 474, 478 (5th Cir. 1962); <u>accord</u> <u>Chicago, Rock Island & Pac. Ry. Co. v. Schwyhart</u>, 227 U.S. 184, 33 S. Ct. 250, 57 L.Ed. 473 (1913) (holding that a plaintiff must have the intent to pursue a judgment against all defendants in order to prevent a fraudulent joinder finding). Thus, Plaintiffs must intend to seek judgment from all the Defendants, otherwise, the Plaintiffs would be guilty of improper joinder.

P&S Transportation contends that the Plaintiffs "admitted themselves out of court" as to any liability against Defendant Bolden. Therefore, because the Plaintiffs have waived recovery from him, he is improperly joined and should be dismissed. Specifically, P&S Transportation cite the following testimony from Plaintiff Gwendolyn White's deposition as indicative that Bolden was improperly joined and is able to escape liability:

Q:[2]    What did Mr. Bolden do wrong to cause the accident?

A:    Nothing.

Q:    You don't contend that he did anything wrong to cause the accident?

A:    No.

Q:    You know of nothing he did wrong?

A:    No, sir.

Q:    You know of in no way did he contribute to the accident?

A:    No, sir.

Q:    You think everything he was doing was proper, legal, and lawful?

A:    Yes, sir.

---

[2]Questioning by Sam S. Thomas, representing P&S Transportation and Patrick Peter.

Q:      And the reason you say everything he was doing was proper, legal, and lawful is because he was going at least the speed limit.

A:      Yes, sir.

Q:      And he had lights on the towed vehicle and the towing vehicle.

A:      Yes, sir.

Q:      So you personally do not contend in any way that Mr. Bolden did anything wrong.

A:      No, sir.

.          .          .

Q:      An you do not personally contend that he caused or contributed to the death of your husband, Anthony Williams, in any way.

A:      No, sir.

.          .          .

Q:      Now, your contention is that the sole cause of the accident was Mr. Peter?

A:      Yes, sir.

Q:      The driver of the 18-wheeler.

A:      Yes, sir.

Q:      You don't contend anyone else caused or contributed to the accident?

A:      No, sir.

Gwendolyn White deposition, p. 59-63. Likewise, Brenda White in her deposition, testified that Mr.

Bolden was in no way responsible for the accident. Specifically, she testified:

Q:[3]    And it's your belief that Mr. Bolden didn't do anything wrong to cause the accident.

A:      No.

---

[3]Sam S. Thomas was the questioner in the excerpt from Brenda White's deposition.

.      .      .

A:    It is my belief that he didn't do anything wrong to cause of [sic] the accident.

Q:    You personally do not contend that he did anything wrong to cause the accident? Mr.

      Bolden.

A:    No.

Q:    Because it's your contention that the sole cause of the accident was the driver of the

      18-wheeler.

A:    Correct.

Brenda White deposition, p. 126. Additionally, the depositions of Treytarius Townsend and Carvokia

Townsend, the minors present in the Chevrolet Blazer, declare that Mose Bolden, Jr., did not cause

this accident.

The Plaintiffs allege in their complaint that Mose Bolden, Jr., was statutorily liable and

generally negligent in breaching his duty to make sure all lights and/or reflectors were working

properly on his motor vehicle and the vehicle he was towing. Additionally, Plaintiffs assert that the

negligence of Bolden in failing to have his automobile properly equipped with rear lamps contributed

to the rear end collision, presenting a jury question as to whether Bolden was comparatively

negligent.   The Plaintiffs also contend that Defendant Bolden is liable under the Mississippi

Wrongful Death Statute, found at Mississippi Code Annotated § 11-7-13, which requires that all

defendants be brought before the court in one suit.  Plaintiffs insist that if Bolden is dismissed, they

will be prejudiced in not being able to recover from a party significantly liable for the death of

Anthony Williams.  The Plaintiffs further assert that because P&S Transportation and Patrick Peter

allege that Bolden's negligence was a proximate cause of the accident, Bolden is an indispensible

party.

In this case, all remaining Plaintiffs have testified, under oath, that the sole cause of the accident at issue here was the action of Patrick Peter, and that Mose Bolden, Jr., did not cause the accident in any way. Under such circumstances, the Plaintiffs have no possibility of recovery and cannot maintain a claim against Mose Bolden, Jr., as they have waived or denied any possible wrongdoing by him. Therefore, this Court finds that the Plaintiffs have no intent to pursue a judgment against Mose Bolden, Jr., and he must be dismissed as a defendant.

*Conclusion*

The Court is persuaded that the Plaintiffs have failed to state any cognizable claim against Mose Bolden, Jr. Accordingly, this Court finds that the Plaintiffs improperly joined Bolden as a defendant in this civil lawsuit. Resultantly, the Court hereby dismisses Bolden from the lawsuit. The relevant parties are now diverse in citizenship and the case features the requisite amount in controversy. The court, therefore, denies the Plaintiffs' Motion to Remand [docket entry 8]. The parties are directed to contact the assigned magistrate judge for a case management order.

A separate order in accordance with this opinion shall be issued this day.

SO ORDERED AND ADJUDGED, this the 29th day of February, 2008.

  **/s/ Sharion Aycock**
  **U.S. DISTRICT JUDGE**